UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA RENEE LEE,

    Petitioner,

v.                                        Case No. 09-CV-13183

MILLICENT WARREN,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING AND ORDER TO SHOW CAUSE WHY THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED AS UNTIMELY**

This matter is before the court on Petitioner's "Motion for Equitable Tolling to Allow Petitioner's Pro se Petition for Writ of Habeas Corpus to Proceed Timely." For the reasons below, the court will deny Petitioner's motion and order her to show cause as to why the petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions.

**I. BACKGROUND**

Petitioner Casandra Renee Lee, a state prisoner currently confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her petition, Petitioner raises claims concerning the trial court's error in failing to appoint appellate counsel.

On October 7, 1997, Petitioner pleaded guilty to second-degree murder, Mich.

Comp. Laws § 750.317, in the Kent County Circuit Court in Grand Rapids, Michigan pursuant to a plea agreement which called for dismissal of a first-degree murder charge, "dismissal of a supplemental information, and a recommendation by the prosecution that she receive an indeterminate prison sentence with a minimum of thirty years," (Pet., attach., Order, 12/16/97 at 1). On November 17, 1997, the trial court sentenced Petitioner to thirty to fifty years' imprisonment in accordance with the plea agreement.

On December 5, 1997, Petitioner filed a motion with the trial court requesting the appointment of appellate counsel. Petitioner's motion was denied eleven days later on December 16, 1997. *Id.* The trial court stated in pertinent part:

> This is an appropriate case for the court to utilize its discretion to deny the appointment of an appellate attorney. The likelihood of defendant obtaining any relief on appeal is so slight that it would be an unwarranted burden on the people of this County to pay for an attorney to pursue an appeal. Defendant's plea having been unconditional, there are no issues pertaining to her conviction which are now available for review, and the likelihood of a reversible flaw in the taking of defendant's plea is remote.
>
> Nor will an appeal obtain for defendant any relief from her sentence. Not only is her sentence within the applicable Sentencing Guidelines range, meaning that that sentence is presumptively proportional, defendant got exactly the sentence for which she bargained, meaning that she will not now be heard to complain about it. That sentence is, to be sure, very long, but its length does not alter either of the two just-stated conclusions. That sentence is fully appropriate for this case, and no appellate court is likely to say otherwise. During her plea of guilty, defendant unequivocally admitted to a carefully planned killing. In other words, she admitted having committed first-degree murder, making any sentence less than life imprisonment without possibility of parole a lenient sentence.
>
> Defendant may, of course, herself file an application for leave to appeal; nothing in this Court's ruling impairs her ability to do that. This Court's ruling in this order simply declines to appoint at public expense an attorney to file an appeal for defendant. Because any appeal is presumptively pointless, it would not be appropriate to burden the people of Kent County with the expense of such a proceeding. That is what the people of this State declared when they recently amended the Constitution.

*Id.* (internal citations omitted)*.*

Petitioner appealed the trial court's decision to the Michigan Court of Appeals on February 18, 1998.  On August 27, 1998, the appellate court remanded the case to the trial court for reconsideration of Petitioner's request for appointment of counsel in light of *People v. Najar,* 229 Mich. App. 393 (1998).  On September 30, 1998, the trial court entered an Order again denying Petitioner's request for appointment of counsel and stated in pertinent part:

> In *Najar, supra,* at 403-404, the Court of Appeals held that trial courts have discretion to decline to appoint appellate attorneys to pursue appeals which are "absolutely devoid of merit."  This happens to be such a case.  That defendant pled guilty to a serious offense and was given a lengthy sentence does not itself entitle her to appellate counsel, not when any appeal has no merit.  That is the situation in this case.  It does not involve, even remotely, any substantive issue which might have survived defendant's plea of guilty. The case does not involve any substantive issue at all arguably worthy of pursuit on appeal.  The only possible appellate issue pertains to defendant's sentence, and an appeal of that will get her nowhere.  She got precisely the sentence for which she bargained.  Accordingly, she will not be heard to complain about it.   In sum, this Court need not appoint an attorney to pursue an appeal.  Defendant may herself appeal, but this County need not pay an attorney to assist her.

(Pet., attach., Order, 9/30/98 at 1-2.)

Approximately seven years later, on September 14, 2005, Petitioner filed another request for the appointment of appellate counsel with the trial court pursuant to *Halbert v. Michigan*, 545 U.S. 605 (2005).  The trial court denied Petitioner's motion the following month on October 5, 2005.  (Pet. attach., Order, 10/5/05 at 1.)  One year later, Petitioner filed a third request for the appointment of counsel on October 2, 2006 with the trial court; and her request was denied three days later on October 5, 2006.  (Pet.,

attach., Order, 10/5/06 at 1.)

On September 21, 2007, Petitioner filed another application for leave to appeal which was filed with the Michigan Court of Appeals concerning the denial of appellate counsel issue. Petitioner's application was denied. *People v. Lee,* No: 277882, 2008 WL 2468480 (Mich. Ct. App. June 19, 2008). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court and relief was also denied. *People v. Lee,* 759 N.W.2d 881 (Mich. 2009). However, Justices Kelly and Cavanagh would have granted leave to appeal.

Petitioner signed the present petition for a writ of habeas corpus on August 1, 2009, and her motion for equitable tolling on August 3, 2009 and both documents were filed by the court on August 13, 2009.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for this action because Petitioner filed her petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. §2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002); *see also Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In this case, the direct appeal of Petitioner's conviction ended and became final one year after the trial court entered its September 30, 1998 Order denying relief. MCR 7.205(F)(3). Therefore, because Petitioner's conviction became final after the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from September 30, 1998 to timely file a petition for habeas relief with the federal court. 28 U.S.C. §2244(d)(1)(A). Absent state collateral review, Petitioner would have been required to file her petition for writ of habeas corpus with the federal court no later than September 30, 1999.

A properly filed application for state post-conviction review or other state collateral review (i.e., motion for relief from judgment or motion for a new trial) tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. *See* 28 U.S.C. §2244(d)(2); *Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002). Such a post-judgment filing can only serve to pause a clock that has not yet

fully run. *Benoit v. Bock,* 237 F. Supp. 2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.

Petitioner admits that following the trial court's September 30, 1998 Order, she took no further action in this matter until September 14, 2005, approximately seven years later. (Mot. at 4.) Since the statute of limitations has run on her habeas claim, and has therefore expired, her petition is barred by the statute of limitations as set forth under 28 U.S.C. § 2244(d). Petitioner, however, raises a statutory tolling argument and an equitable tolling argument in an effort to save her habeas claims.

First, her statutory tolling argument is that her untimely habeas filing is due to a State-created impediment. *See* 28 U.S.C. § 2244(d)(1)(B). Although Petitioner does not make a direct argument regarding the nature of the impediment, it can be inferred from the pleadings that she claims the trial and appellate courts' refusal to appoint her appellate counsel is what constituted the State-created impediment. The court does not find this argument convincing.

Petitioner could have filed a timely direct appeal or an application for leave to appeal despite the rulings of the trial and appellate courts on this issue. The trial court specifically stated in its opinion:

> Defendant may, of course, herself file an application for leave to appeal; nothing in this Court's ruling impairs her ability to do that. This Court's ruling in this order simply declines to appoint at public expense an attorney to file an appeal for defendant.

(Pet., attach., Order, 12/16/97 at 2.) Therefore, even if the trial and appellate court rulings regarding this issue were deemed improper, Petitioner was not precluded by the

6

courts from pursuing her habeas claims. The state courts were very prompt in issuing orders addressing Petitioner's issues, and she had the opportunity to timely challenge their decisions. Petitioner has not offered any explanation to justify the seven-year delay following the September 30, 1998 Order, nor the one-year delay following the October 5, 2005 Order, in seeking relief or in her failure to proceed more diligently on her habeas claims.

Secondly, as it relates to Petitioner's equitable tolling argument, the United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado*, 337 F.3d at 642; *Griffin*, 308 F.3d at 653. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. The absence of prejudice to the Respondent is a factor to be considered "only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598,

605 (6th Cir. 2003). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). No such factor has been identified. Petitioner has failed to demonstrate that she is entitled to equitable tolling of the one-year limitations period under *Dunlap.*

### III. CONCLUSION

Petitioner has failed to file her petition for a writ of habeas corpus within the time permitted by 28 U.S.C. § 2244(d) and has not demonstrated that she is entitled to statutory or equitable tolling of the one-year limitations period. Accordingly, IT IS ORDERED that Petitioner's motion for equitable tolling [Dkt. # 3] is DENIED. In light of this conclusion, Petitioner is ORDERED to show cause, on or before **October 28, 2009**, why her petition should not be dismissed for failure to comply with the statute of limitations.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2009, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522